William R. Brennan, Jr., J.
This article 78 (Civ. Prac. Act) proceeding involves the review of a determination of the Board of Zoning Appeals of the Town of Hempstead made and filed October 2,1961, denying the petitioner’s application for a special exception.
The affected parcel is a plot 190 by 170 at the northeast corner of Ocean Boulevard and Bermuda Street in Atlantic Beach. It is zoned for business use which, among other things, includes schools, offices, retail stores, restaurants (other than diners, lunch wagons and similar eateries), carpenter, furniture, blacksmith, tinsmith and plumbing shops, drycleaning establishments, bowling alleys, shoe making and repairing, and undertaking and embalming (Building Zone Ordinance, art. 7). There is also provision for special uses when approved by the- Board of Appeals (art. 7, § X-1.14).
The ordinance grants to the Board of Appeals the power after public notice and hearing, to permit as a use within the zone a hotel, lodging house, boarding house, auto court or motel (art. 12, §§ Z-1.0, B; Z-5.0, subd. c, 11). It also sets forth certain factors which the board shall consider before acting (art. 12, § Z-1.0, B [b]) and provides for the determinations it shall make (B [a]).
The petitioner sought a special exception to erect a four-story and basement hotel containing 63 dwelling units (of which 51 would consist of 1 room and 11 of 2 and 1 of 4), a lobby, restau *15 rant, meeting rooms, a pool for guests and off-street parking for 51 cars, which the board found was a compliance with the off-street parking ordinance.
In its preamble the board pointed out that property in Atlantic Beach abutting the Atlantic Ocean is zoned for business and that there have been erected thereon beach clubs and hotels abutting the ocean with beach facilities on the beaches fronting on the properties. It also recited that the interior property of Atlantic Beach is substantially used for one-family dwellings and that the access of their owners to the ocean is limited to 10 beach areas. There are no existing hotels in Atlantic Beach on interior plots — i.e., plots not fronting on the ocean.
The board found (1) that a hotel would overcrowd and congest existing recreational beach areas in the Atlantic Beach Park district; (2) that this would depreciate property values of existing and future one-family dwellings in the park district; (3) that the use and enjoyment of existing one-family dwellings in the park district would be adversely affected; (4) due to limited park or beach areas available to residents of Atlantic Beach, the business-zoned areas in Atlantic Beach not on the ocean are not suitable for hotels; (5) that by reason of the premises the proposed use would not be in harmony with and promote the general purposes and intent of the zoning ordinance; and (6) that the general welfare of the community to be secured demands that interior business zones in Atlantic Beach be utilized for uses not unduly increasing density of population.
The petitioner urges that the board’s findings as to overcrowding and congestion of the recreational beach areas are not justified because of the alleged existence of a recorded declaration which would deny to hotel guests the use of said areas. The difficulty is that the declaration was not offered in evidence at the hearings before the board and is not an item of which it or this court could or may take judicial notice. To the extent that there is any reference to the declaration it is by the witness Lager who, when asked whether the declaration would determine the question of beach rights, replied “Not necessarily, no.” So far as the record made before the board is concerned, it supports the board’s findings as to overcrowding and congestion of recreational beach areas.
It follows that the board’s second and third findings are also sustained by the record. There is no question that it was for the board to determine in the first instance and in the exercise of reasonable discretion, and in accordance with the standards provided for its guidance whether the application should be granted; and unless, on the record presented, the court can say *16 that its refusal to grant the application was arbitrary or capricious, its determination may not be annulled (Matter of Sound Oil Co. v. Plonski, 13 A D 2d 673; Matter of Stell Realty Corp. v. Plonski, 11 A D 2d 695). As was said in Matter of Syosset Holding Corp. v. Schlimm (15 Misc 2d 10, 12, mod. 4 A D 2d 766): “It therefore became the duty of the Zoning Board of Appeals to determine whether, upon the proof before it, the proposed use met all of the standards enumerated in the ordinance. If it failed to meet one or more, the board was bound to deny a special exception.”
It follows that the petition must be and accordingly is dismissed.